UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 20-143-DCR |
| ) | |
| V. ) | |
| ) | |
| MANTELL ALABI STEVENS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Mantell Stevens was convicted following a jury trial of one count of conspiring to distribute a mixture or substance containing a detectable amount of fentanyl and a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and one count of distributing a mixture or substance containing a detectable amount of fentanyl, the use of which resulted in the death of Nick Adams, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 2). [Record Nos. 23 and 90] Stevens' sentencing hearing is scheduled for May 6, 2022. [Record No. 92]

The United States Probation Office ("Probation Office") has submitted a Presentence Investigation Report ("PSR") for Stevens, which assesses a base offense level of 43 under U.S.S.G. § 2D1.1(a)(1) because he committed the offense charged in Count 2 after one or more prior convictions for a "similar offense." In his second objection to the PSR ("Objection No. 2"), Stevens contends that his base offense level should be 38 (presumably under § 2D1.1(a)(2)) because he does not have a prior conviction for a "similar offense." The Probation Office has responded in an Addendum to the PSR, stating that Stevens' 2000

conviction for first degree possession of a controlled substance (crack cocaine) under KRS § 218A.1415, a Class D Felony documented in Paragraph 27 of the PSR,[1] qualifies as a "similar offense" for the purposes of § 2D1.1(a)(1) under *United States v. Johnson*, 706 F.3d 728 (6th Cir. 2013).

Section 2D1.1(a)(1) provides that a base offense level of 43 should apply "if the defendant is convicted under 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), or (b)(1)(C), or 21 U.S.C. § 960(b)(1), (b)(2), or (b)(3), and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance and that the defendant committed the offense after one or more prior convictions for a similar offense . . . ."  If the offense of conviction fits these circumstances but the defendant lacks a prior conviction for a similar offense, the base offense level is 38.  *See* U.S.S.G. § 2D1.1(a)(2).

At the outset, the Court observes that, while the 2000 first degree possession conviction is too old to count toward Stevens' criminal history score under U.S.S.G. § 4A1.2(e), its age does not bar its consideration as a "similar offense" under § 2D1.1(a)(1).  *See United States v. King*, 516 F.3d 425, 427-32 (6th Cir. 2008).  In *King*, the United States Court of Appeals for the Sixth Circuit held that "§ 2D1.1(a)(1) unambiguously precludes the application of § 4A1.2(e)'s time limits" and that "§ 2D1.1(a)(1) does not contain any implicit time limitations."  *Id.* at 426, 432.

---

[1] While the Probation Office does not explicitly reference KRS § 218A.1415 in the PSR or the Addendum, this statute governs Stevens' conviction for first degree possession of a controlled substance.  Additionally, a first offense under this statute has been a Class D felony in Kentucky at all relevant times.  *See* KRS § 218A.1415(2)(a) (2011); KRS § 218A.1415(2)(A) (1998).

Additionally, the "similar offense" language does not require a prior conviction for an offense *where death resulted*. The Sixth Circuit has rejected arguments that emphasize differences in "the outcome or magnitude of [the relevant] offenses" when considering the applicability of § 2D1.1(a)(1). *Johnson*, 706 F.3d at 731. In *Johnson*, the defendant argued, *inter alia*, that § 2D1.1(a)(1) should not apply because "the instant [distribution of heroin] offense resulted in death whereas the prior conviction did not, and the prior conviction only involved a small amount of heroin." *Id.* at 731. Although the court noted that "these factors are not insignificant," it concluded that "the defendant's underlying conduct cannot be ignored." *Id.* at 731-32 (citing *United States v. Westry*, 524 F.3d 1198, 1220 n. 12 (11th Cir. 2008) (determining that "possession" of a controlled substance was a similar offense to "possession with the intent to distribute")). Because the relevant crimes both involved the distribution of heroin, they "[we]re in fact, 'similar,' [and] the district court did not err in applying § 2D1.1(a)(1)." *Id.* at 732; *see also United States v. Atkins*, 289 F. App'x 872, 875 (6th Cir. 2008) (stating that § 2D1.1(a)(1) applies "if the defendant has been convicted previously for selling illegal drugs.").

*Johnson's* primary holding is that "the term 'similar offense' is synonymous with the term 'felony drug offense'" as used in § 841(b)(1)(C). *Johnson*, 706 F.3d at 733. In other words, any "felony drug offense" under § 841(b)(1)(C) could qualify as a "similar offense" under § 2D1.1(a)(1). The defendant does not object to the findings in Paragraph 27 of the PSR which documents the 2000 felony conviction for possession of a controlled substance. Thus, he tacitly agrees that he has a prior "felony drug offense" conviction, which could compel the

conclusion that he also has a prior conviction for a "similar offense" under § 2D1.1(a)(1).[2] Still, Stevens' relevant convictions are distinct from those of *Johnson* because: (1) his convictions involved different controlled substances; and (2) one of his convictions involved possession while the other involved distribution.

That said, the Sixth Circuit addressed nearly identical circumstances in *United States v. Rebmann*, No. 16-6842, 2017 U.S. App. LEXIS 20055 (6th Cir. Oct. 12, 2017) (unpublished order). There, the defendant pleaded guilty to distribution of fentanyl resulting in an overdose death, in violation of § 841(a)(1) and (b)(1)(C). *Id.* at *1. The parties agreed to recommend a base offense level of 38, and they made that recommendation at the sentencing hearing. *See id.* at *1-3. However, Senior United States District Judge Joseph M. Hood determined that *Johnson* and § 2D1.1(a)(1) should apply to provide a base offense level of 43 because the defendant had a prior conviction for a "similar offense," first degree possession of a controlled substance (heroin) under KRS § 218A.1415(2)(a). *See id.* at *2-5.

On appeal, the defendant contended, *inter alia*, that the district court "misapplied *Johnson* by failing to distinguish his prior felony drug-possession conviction from the felony

---

[2] Even if Stevens does not agree with this point, the Probation Office cogently cites 21 U.S.C. § 802(44) to demonstrate that he does, in fact, have a prior "felony drug offense" conviction under the relevant statutory scheme (and a "similar offense" conviction under § 2D1.1(a)(1)). *See* 21 U.S.C. § 802(44) ("The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."); *see also United States v. Sica*, 676 F. App'x 81, 85-86 (2d Cir. 2017) (suggesting that the "felony drug offense" definition in § 802 may help define "similar offense"). The 2000 KRS § 218A.1415 violation would be a "felony drug offense" under § 802(44) at all relevant times because it involved a Schedule II narcotic and the statutory maximum term of imprisonment has consistently exceeded one year. *See* KRS § 218A.1415(2)(a) (2011); KRS § 218A.1415(2)(a) (1998); KRS § 532.020(1)(a) (1998).

drug-trafficking offense in *Johnson*." *Id.* at *3. The Sixth Circuit disagreed, finding that *Johnson* was "on point" because "similar offense" is synonymous with "felony drug offense" and the defendant did not dispute that he had a prior felony drug offense for possession under KRS § 218A.1415(2)(a), a Class D felony. *Id.* at *4-5.

*Rebmann* is instructive in Stevens' case. Like the defendant in *Rebmann*, the controlled substances involved in Stevens' two relevant convictions (crack cocaine and fentanyl) are different. *Rebmann* indicates that this distinction does not render the offenses dissimilar under *Johnson*. More significantly, *Rebmann* explicitly found *Johnson* to apply despite the fact that the prior conviction was for possession and the instant offense was for distribution. The same is true here, and the statutes governing the relevant convictions are also the same as in *Rebmann*, § 841(b)(1)(C) and KRS § 218A.1415. Thus, *Johnson's* primary holding ("similar offense" is synonymous with "felony drug offense") applies in this case, and Stevens' prior felony conviction for first degree possession of a controlled substance qualifies as a "similar offense" under § 2D1.1(a)(1).

In summary, the foregoing case law indicates that Stevens' objection lacks merit. All relevant authority supports the application of § 2D1.1(a)(1) and a base offense level of 43. Accordingly, it is hereby

**ORDERED** that Defendant Mantell Stevens' Objection No. 2 to the PSR is **OVERRULED**.

- 6 -

Dated: April 29, 2022.

*Danny C. Reeves, Chief Judge*
United States District Court
Eastern District of Kentucky